W. SHARP, Judge.
Brunskill seeks a writ of mandamus or writ of habeas corpus, to obtain records relating to his conviction for first-degree murder, kidnapping and false imprisonment in 1986. We elect to treat the petition as a request for mandamus and deny the writ *212 without prejudice to Brunskill to seek further relief in the trial court.
Petitioner alleges he filed a petition for the disclosure of the state attorney’s files and/or for a writ of habeas corpus” in the trial court. The trial court held a hearing, during which the petitioner agreed to file a public records request on the state attorney’s office. He further alleges numerous documents have been served in this action. The trial court placed his petition in abeyance, pending further order of the court.
In his present petition, Brunskill relies on sections 119.01, 119.011, and 119.07 of the public records law. However, the trial judge in this case did not deny Brunskill’s initial petition. What documents were produced and what remains to be produced, if any, is not clear. Apparently the trial court has not completed its judicial work regarding the gathering of records pursuant to chapter 119. Thus, until it makes a final ruling, it is inappropriate for the appellate court to intervene.
Brunskill also relies on Florida Rule of Judicial Administration 2.051. That rule provides that when a request for judicial records under the clerk’s control has been made and denied, the proper remedy is as follows:
(b) Review of Denial of Access Request. Expedited review of denials of access to judicial records or to the records of judicial agencies shall be provided through an action for mandamus in the following manner:
(1) Where a judge has denied a request for access to records in the judge’s possession or custody, the mandamus action shall be filed in the court having appellate jurisdiction to review the decisions of the judge denying access.
(2) All other mandamus actions under this rule shall be filed in the circuit court of the circuit in which such denial of access occurs.
It appears, as stated above, the trial court has not denied relief in the case on either ground. Until it does so, Brunskill’s remedy is to seek a petition for mandamus in the trial court, or demonstrate that he has exhausted his remedies below.
Petition for Wnt of Mandamus DENIED.
PETERSON, J., concurs.
GRIFFIN, C. J., concurs in result only.